FILED
2010 JUN 30 P 1:50
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Martin S. Bakst, Cal SBN 65112
**LAW OFFICES OF MARTIN S. BAKST**
15760 Ventura Boulevard, Sixteenth Floor
Encino, CA 91436
Tel: 818-981-1400
Fax: 818-981-5550

Mark C. Gardy
James S. Notis
Jennifer Sarnelli
Charles A. Germershausen
**GARDY & NOTIS, LLP**
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Tel: 201-567-7377
Fax: 201-567-7337

*Attorneys for Plaintiffs*

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN BENVENISTY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., and DOES 1-100.<br><br>Defendant. | CV 10 2885 HRL<br>CASE NO.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Alan Benvenisty, individually and on behalf of all others similarly situated, alleges by and through his attorneys, upon information and belief as follows:

## I. INTRODUCTION

1. On June 24, 2010, Apple Inc. ("Apple") released the highly anticipated iPhone 4, selling over 1.7 million units within three days of its launch.

2. Apple CEO Steve Jobs extolled the iPhone 4 in the keynote address at the Worldwide Developers conference on June 7, 2010, stating, among other things, that the iPhone 4 is "the most precise thing we have ever made" and its "brilliant design" has "integrated antennas right in the structure of the phone, its never been done before and its really cool engineering."

3. During this conference and in subsequent Internet and television advertising for the iPhone, videos were shown of consumer gripping the phone in their bare hands, without a case, and making telephone calls. These images appropriately led consumers to believe that one could make telephone calls while holding the phone without losing signal reception or transmission.

4. Despite such representations, Plaintiff and many other purchasers of the iPhone 4 immediately began experiencing major problems with the phone's reception and transmission.

5. Plaintiff, similar to many other purchasers, quickly discovered that the iPhone 4 would drop its signal and/or lose signal strength if the bottom left corner of the device is covered by the palm of his hand. This issue has become known as the iPhone 4 "death grip."

6. Apple, which has acknowledged the problem with the iPhone 4's reception, responded to user's complaints as a "non issue" and instructed them to either (1) "just avoid holding it that way" or (2) "simply use one of many available cases."

7. Apple's second solution comes as no surprise because for the first time Apple is manufacturing its own case for an iPhone called the "bumpers."

8. One of these bumpers from Apple, which will fix the "death grip" problem and improve reception, costs $29.

## II. JURISDICTION AND VENUE

9. This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. The amount-in-controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and there is minimal diversity because certain members of the class are citizens of a different state than any defendant as required by 28 U.S.C. § 1332(d)(2).

10. Venue is proper in this District because Defendant Apple's principal place of business in California.

## III. THE PARTIES

11. Plaintiff, Alan Benvenisty, purchased an iPhone 4 and is a resident of New Jersey.

12. Defendant Apple is a California corporation that is licensed to do, and is doing, business in California and throughout the United States. Its principal place of business is in Santa Clara County, California. At all relevant times, Apple designed, manufactured, promoted, marketed, distributed, and/or sold the iPhone 4 throughout the United States and California.

## IV. CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) seeking injunctive relief on behalf of himself and all others similarly situated as members of the following class (the "Class") consisting of all persons who purchased an iPhone 4 between June 2010 and the present.

14. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Class is Apple, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Apple, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Apple and/or their officers and/or directors, or any of them.

15. **Numerosity**. The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class currently contains well over two million members. The exact number of members of the Class is unknown to Plaintiff at the present time. The true number of Class members are known by Apple, however, and thus may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

16. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously. Plaintiff is a member of the Class and does not have interests antagonistic to, or in conflict with, the other members of the Class.

17. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class purchased iPhone 4's and have sustained damages arising out of the same wrongful course of conduct.

18. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and

predominate over any questions solely affecting individual members. Among the questions of law and fact common to the Class are:

a. Whether Defendant advertised and sold the iPhone 4 by promoting the characteristics of increased performance; and

b. Whether Defendant failed to disclose material facts about the limitation in the performance characteristics of the iPhone 4 to consumers, and whether such a failure violates statutory and common law prohibitions against such conduct, as detailed more fully below.

19. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since, among other things, joinder of all members of the Class is impracticable. Furthermore, as the damages suffered by many individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members individually to seek redress for the wrongful conduct alleged. Plaintiff does not foresee any difficulty in the management of this litigation that would preclude its maintenance as a class action.

20. The claims asserted herein are applicable to all individuals and entities throughout the United States who purchased iPhone 4's. The State of California has sufficient state interest through a significant contact or aggregation of contacts to the claims asserted by each member of the Class so that the choice of California law is not arbitrary or unfair.

21. Adequate notice can be given to Class members directly using information maintained in Apple's records, or through notice by publication.

22. Damages may be calculated from the sales information maintained in Apple's records, so that the costs of administering a recovery for the Class can be minimized. The amount of damages is known with precision from Apple's records.

**V. The iPhone 4's Reception Problems**

23. On June 24, 2010, Apple released the iPhone 4 and those who purchased the iPhone 4 immediately began experiencing major problems with the phone's signal reception and transmission.

24. Plaintiff, like many purchasers of the iPhone 4, was quickly plagued with signal degradation on his iPhone 4.

25. The iPhone 4 would drop its signal and/or lose signal strength if the bottom left corner of the device is covered by the palm of the user's hand.

26. The iPhone 4 also loses transmission when the phone is held in this manner.

27. This widely reported issue has become known as the iPhone 4 "death grip."

28. Multiple news sources have reported on Apple's so-called "solutions" to the iPhone 4's reception problems.

29. This first solution, as reported by engadget.com, PC World.com and other reliable news sources, was from Apple CEO Steve Jobs himself. In response to an email from an iPhone 4 user about losing reception when putting his hand on the steel band that encircles the iPhone 4, Jobs responded, that it was a "non issue" and to "Just avoid holding it that way."

30. The second solution, reported by many news sources, was Apple's official acknowledgment of the problem with the iPhone 4's reception. Apple issued the following statement:

> Gripping any phone will result in some attenuation of its antenna performance, with certain places being worse than others depending on the placement of the antennas. This is a fact of life for every wireless phone. If you ever experience this on your iPhone 4, avoid gripping it in the lower left corner in a way that covers both sides of

the black strip in the metal band, or simply use one of many available cases.

31. It comes as no surprise that Apple would make the above recommendation to iPhone 4 purchasers because this is the first time that Apple is manufacturing cases, or "bumpers," for the iPhone.

32. Steve Jobs stated in his keynote address at the Worldwide Developers conference that Apple "took a crack at doing a case ourselves." Cases for previous generation iPhones were manufactured exclusively by third-parties.

33. Notably, one of these bumpers from Apple that will resolve the "death grip" problem and improve signal reception costs $29.

34. The bumpers, which were available on the launch date of the iPhone 4, further support Apple's knowledge of the signal degradation issues relating to the phone prior to its release date.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Unlawful, Unfair, and Fraudulent Business Practices in Violation of California Business & Professions Code § 17200, *et seq.*)**

35. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

36. The Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*, defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice.

37. Defendant Apple violated, and continues to violate, California Business and Professions Code § 17200, *et seq.*, by misrepresenting the iPhone 4 as a superior phone when it knew or should have known that the antenna would not work when held in the palm of a users hand without a case.

38. By engaging in the above described acts and practices, Defendant has

committed an unfair business practice within the meaning of California Business and Professions Code § 17200, *et seq.* Consumers suffered substantial injury they could not reasonably have avoided other than by not purchasing the product.

39. Defendant's acts and practices have deceived and/or are likely to deceive Class members and the public and thus constitute a fraudulent business practice. Apple uniformly advertised the iPhone 4 as "amazing," "easier to use" and "impressive" with images of users holding the phone in their hand while making a call, despite the fact that it knew or should have know the placement of the antenna in the "stainless steel ... machine band" would make users unable to get signal reception or transmission when holding the phone normally. Evidencing Apple's knowledge of this problem is its widely advertised "bumper" which cures this problem for $29.

40. The acts and practices of Apple are an unlawful business act or practice because they violate the laws identified in this Complaint, including Negligence, Breach of Express and Implied Warranty of Merchantability, Fraud and Deceit, Negligent Misrepresentation, the Consumers Legal Remedies Act, and California Business & Professions Code § 17500, as described below.

41. As discussed above, Plaintiff and the members of the Class purchased an iPhone 4 model directly from Apple and/or their authorized agents. Plaintiff and members of the Class were injured in fact and lost money or property as a result of such acts of unfair competition.

42. Apple received the funds paid by Plaintiff and the members of the Class. Apple profited enormously by misrepresenting the functionality of the iPhone 4 and not disclosing material problems and limitations with the iPhone 4. Apple's revenues attributable thereto are thus directly traceable to the millions of dollars paid out by Plaintiff and the Class for the iPhone 4.

43. Unless Defendant Apple is enjoined from continuing to engage in the unlawful, unfair and fraudulent business acts and practices as described herein, Plaintiff and the Class will continue to be injured by Apple's conduct.

44. Apple, through its acts of unfair competition, has acquired money from Class members. Plaintiff and the Class request this Court enjoin Apple from continuing to violate California Business and Professions Code § 17200, *et seq.*

45. The unlawful, unfair and fraudulent conduct described herein is ongoing and continues to this date. Plaintiff and the Class, therefore, are entitled to relief described below as appropriate for this Cause of Action.

**SECOND CAUSE OF ACTION**

**(False and Misleading Advertising in Violation of California Business & Professions Code § 17500, *et seq.*)**

46. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

47. Defendant's acts and practices as described herein have deceived and/or are likely to deceive members of the Class and the public. Apple has spent millions of dollars to advertise, including through its website on the Internet, to call attention to, or give publicity to Apple's iPhone 4 improved features and functionality. Apple uniformly advertises the iPhone 4 as "amazing," "easier to use" and "impressive," with images of users holding the iPhone 4 while making telephone calls, despite the fact that it knew or should have know the placement of the antenna in the "stainless steel ... machine band" would make users unable to get cell reception when holding the phone normally." In reality, the iPhone 4 is not "easier to use" because Class members cannot get signal reception if they hold the iPhone 4 normally without a separately purchased bumper.

48. By its actions, Apple is disseminating uniform advertising concerning its products and services, which by its nature is unfair, deceptive,

untrue, or misleading within the meaning of California Business & Professions Code § 17500, *et. seq.* Such advertisements are likely to deceive, and continue to deceive, the consuming public for the reasons detailed above.

49. The above-described false, misleading, and deceptive advertising Apple disseminated continues to have a likelihood to deceive in that Apple has failed to disclose the true and actual performance and functionality of the iPhone 4. Apple has failed to instigate a public information campaign to alert consumers of the iPhone 4's deficiencies, which continues to create a misleading perception of the iPhone 4's performance.

50. In making and disseminating the statements alleged herein, Apple should have known its advertisements were untrue and misleading in violation of California Business & Professions Code § 17500, *et seq.* Plaintiff and the Class members based their decisions to purchase the iPhone 4 in substantial part on Defendant's misrepresentations and omitted material facts. The revenues to Apple attributable to products sold in those false and misleading advertisements amount to millions of dollars for the iPhone 4. Plaintiff and the Class were injured in fact and lost money or property as a result.

51. The misrepresentations and non-disclosures by Apple of the material facts detailed above constitute false and misleading advertising and therefore constitute a violation of California Business & Professions Code § 17500, *et. seq.*

52. As a result of Apple's wrongful conduct, Plaintiff and the Class request that this Court enjoin Apple from continuing to violate California Business & Professions Code § 17500, *et. seq.* Such conduct is ongoing and continues to this date. Plaintiff and the Class are therefore entitled to the relief described below as appropriate for this Cause of Action.

**THIRD CAUSE OF ACTION**

**(Violation of Consumers Legal Remedies Act –**

**California Civil Code § 1750, *et seq*)**

53. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

54. This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA"). Plaintiff and the Class are consumers as defined by California Civil Code § 1761(d), and the Apple iPhone 4 is goods and services within the meaning of the CLRA.

55. Defendant violated and continues to violate the CLRA by engaging in the following deceptive practices proscribed by California Civil Code § 1770(a) in connection with transactions intended to result in, and that did result in, the sale of the iPhone 4 at issue herein to Plaintiff and members of the Class in violation of, *inter alia,* the following provisions:

a. Representing the goods and services have characteristics, uses or benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

b. Representing the goods and services are of a particular standard, quality or grade if they are of another (Cal. Civ. Code § 1770(a)(7));

c. Advertising goods and services with the intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9));

d. Representing a transaction involves rights, remedies or obligations that it does not have or involve (Cal. Civ. Code § 1770(a)(14)); and

e. Representing the goods and services have been supplied in accordance with a previous representation when they

have not (Cal. Civ. Code § 1770(a)(16)).

56. Plaintiff and other Class members, in purchasing and using the iPhone 4 as herein alleged, did reasonably act in response to Defendant's above representations or would have considered the omitted facts detailed herein material to their purchase decision. Plaintiff and the Class have suffered damage by the wrongful acts and practices of Defendant that are in violation of California Civil Code § 1781.

57. Under Section 1782 of the CLRA, notice is not required as Plaintiff is seeking only injunctive relief.

58. Plaintiff will not serve this Complaint upon Defendant until such time for Defendant to respond to the letter has passed without an agreement to take the actions required by the CLRA on behalf of all affected consumers. Plaintiff and the Class are therefore entitled to all forms of relief requested below as provided under Section 1780 of the CLRA.

59. Based on its knowledge or reckless disregard of the facts as detailed herein, Defendant was guilty of acting with malice, oppression or fraud.

**FOURTH CAUSE OF ACTION**

**(Breach of Express Warranty and Implied Warranty of Merchantability)**

60. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

61. Plaintiff and Class members purchased the iPhone 4 and used them for their ordinary and intended purpose of providing consistent, reliable and sustained access to AT&T's mobile network, and entered into agreements with Apple or its agents and received uniform warranties in connection with the purchase of such phones.

62. The iPhone 4 cannot perform its ordinary and represented purpose because the iPhone 4 does not provide consistent connection to a mobile signal when held in a users hand without a separately purchased case.

63. When Defendant placed the iPhone 4 into the stream of commerce, they knew, reasonably should have known, or were obligated to understand that the intended and ordinary purpose of their phone was to provide consistent connectivity to a mobile network while a user held the phone in their hand.

64. Plaintiff and the Class purchased their iPhone 4 with the reasonable expectation that they would receive reliable and sustained connectivity to a mobile network without the need to purchase a case for their newly designed iPhone 4. The advertisements Defendant disseminated constitute a warranty that the products would operate as advertised during their useful life, upon which Plaintiff and the Class reasonably acted.

65. The iPhone 4 is not fit for its warranted, advertised, ordinary and intended purpose of providing reliable mobile connectivity and is in fact defective, or would not pass without objection in the trade or industry in terms of being unable to provide consistent and reliable mobile connectivity when held in a user's hand. This defect has manifested for Plaintiff and Class members as they do not consistently maintain a mobile signal when holding the iPhone 4 in their hand without a cover.

66. Plaintiff has given notice to Defendant of this breach by virtue of the filing of a lawsuit, which demands have been ignored or rejected. Apple has simply told its users not to hold the iPhone as they normally would or to provide Apple with additional revenue by purchasing the Apple bumper case – these are not adequate fixes for the defect.

67. Defendant's breach of the warranty described above also constitutes a violation of Cal. Civ. Code §1792, *et seq.*

**FIFTH CAUSE OF ACTION**

**(Common Counts and Unjust Enrichment)**

68. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

69. Defendant has benefited from their unlawful conduct as detailed above by receiving millions of dollars in revenues and profits derived from the sale of the Apple iPhone 4. Defendant appreciated the benefit of the receipt of such revenues and profits.

70. Because Defendant was unjustly enriched and has received this excessive revenue at the expense of Plaintiff and the Class based on false and misleading statements regarding the iPhone 4, its capacity, and its ability to perform its stated functions, it would be inequitable for Defendant to retain the benefits it gained from purchases by Plaintiff and the Class of the iPhone 4.

**SIXTH CAUSE OF ACTION**

**(Negligent Misrepresentation)**

71. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

72. Apple represented that the iPhone 4 would provide customers with sustained and reliable connectivity a mobile signal when being held in a customer's hand. Apple advertised the iPhone 4 as "amazing," "easier to use" and "impressive" with video and television advertisements of customers holding the phone in their hand while getting a mobile signal, representing that users can reasonably expect regular access to a mobile signal while holding the iPhone 4.

73. Defendant had no reasonable grounds for believing their representations were true because the iPhone 4's antenna is part of the "stainless steel … machine band" surrounding the iPhone 4. In fact, anticipating this issue, Apple developed and marketed the bumper case that sells for $29 to fix this

problem. Defendant should have known, or had a duty to learn, about the true facts that contradicted their representations.

74. In making these representations to Plaintiff and the Class, Defendant Apple intended to induce Plaintiff and the Class to purchase the iPhone 4.

75. At all times herein, Plaintiff and the Class were unaware of the falsity of Defendant's statements. Plaintiff and the Class reasonably acted in response to the statements made by Defendant when they purchased an iPhone 4.

76. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and Class members purchased an iPhone 4 that does not work when held normally in a users hand without a case.

## SEVENTH CAUSE OF ACTION

**(Fraud and Deceit)**

77. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

78. Defendant, from the time the iPhone 4 was first made available to Class members, consistently deceived Plaintiff and the Class by: (1) making false uniform misrepresentations to Plaintiff, the Class and the public, including, but not limited to, claims that the iPhone 4 would provide customers with a reliable consistent mobile signal when held in a users hand; and (2) concealing from Plaintiff, the Class and the public, despite having superior, if not exclusive, knowledge of material facts to the contrary that manufacture and design of the iPhone 4 would not get a signal if held in a users hand without a case, Apple consistently represented the iPhone was superior.

79. Defendant either misrepresented or suppressed the material fact that the iPhone 4 could not provide a reliable and sustained mobile signal when held in a user's hand. Defendant suppressed the material fact that the placement of the antenna would make it impossible for a user to use the iPhone to make calls without

purchasing a case.

80. When Defendant made the foregoing misrepresentations, it knew or recklessly disregarded them to be false and/or had no reasonable basis for believing them to be true.

81. The misrepresentations and concealment of material facts were made and conducted by Defendant with the intent to mislead and induce Plaintiff and the Class to purchase the iPhone 4.

82. In affirmative response to the false, fraudulent and/or willful misrepresentations and concealment of material facts by Defendant, Plaintiff and Class members were induced to and did purchase an iPhone 4. Plaintiff and other Class members reasonably based their decision to purchase these phones on the misrepresentations and omissions of material fact by Apple, and were damaged thereby.

83. Defendant's acts were done willfully, maliciously, with fraudulent intent and with deliberate disregard of the rights of Plaintiff and the Class.

**EIGHTH CAUSE OF ACTION**

**(Declaratory Relief)**

84. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

85. An actual controversy over which this Court has jurisdiction now exists between Plaintiff, the Class and Defendant concerning their respective rights, duties and obligations for which Plaintiff desires a declaration of rights under the applicable claims asserted herein.

86. Plaintiff and Class members may be without adequate remedy at law, rendering declaratory relief appropriate in that:

a. damages may not adequately compensate the Class members for the injuries suffered, nor may other claims permit such relief;

b. the relief sought herein in terms of ceasing such practices or providing a full and complete corrective disclosure may not be fully accomplished by awarding damages; and

c. if the conduct complained of is not enjoined, harm will result to Class members and the general public because Defendant's wrongful conduct is continuing and persons are entitled to the direct monies taken from them.

87. Plaintiff requests a judicial determination and declaration of the rights of Class members, and the corresponding responsibilities of Defendant.

88. A judicial declaration is necessary and appropriate at this time under the circumstances so the parties may ascertain their respective rights and duties.

89. Class members will be irreparably harmed unless the unlawful actions of the Defendant are enjoined, because Apple will continue to advertise their false and misleading statements regarding the iPhone 4. To that end, Plaintiffs request an order compelling disclosures and/or disclaimers on the outside of the iPhone boxes or advertising material prior to making any electronics device purchase. Absent injunctive relief, Defendant will continue to market, distribute, and sell iPhones to the detriment of their customers. Plaintiff has not previously asked for such injunctive relief from the Court.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Class defined herein, as applicable, pray for judgment and relief as follows as appropriate for the above causes of action:

A. An order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class;

B. A temporary, preliminary and/or permanent order for injunctive relief enjoining Defendant from pursuing the policies, acts and practices complained of herein;

C. A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to undertake an informational campaign to inform members of the general public as to the wrongfulness of Defendant's practices; and

D. Such other and further relief as the Court may deem necessary or appropriate.

DATED: June 30, 2010

**LAW OFFICES OF MARTIN S. BAKST**

By: ______________________

MARTIN S. BAKST
15760 Ventura Boulevard, Sixteenth Floor
Encino, CA 91436
Tel: 818-981-1400
Fax: 818-981-5550

Mark C. Gardy
James S. Notis
Jennifer Sarnelli
Charles A. Germershausen
**GARDY & NOTIS, LLP**
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
Tel: 201-567-7377
Fax: 201-567-7337

*Attorneys for Plaintiffs*